UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATURAL ESSENTIALS, INC., | ) | CASE NO. 5:21-CV-0823 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| OLYMPIA SPORTS CO., INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before this Court is Defendant Olympia Sports Company, Inc.'s ("Olympia") Motion to

Transfer Venue to the Southern District of New York.  (Doc. No. 13.)  For the reasons stated

below, Defendant's Motion is **GRANTED**.

I.      BACKGROUND

Olympia is a supplier of various goods, including personal protective equipment ("PPE"),

such as gloves.  (Doc. No. 13 at PageID# 138.)  During the COVID-19 pandemic, Olympia

worked with international manufacturers to supply PPE to other companies.  (*Id.*)  In October

2020, Natural Essentials executed a purchase order with Olympia for PPE in response to the

COVID-19 pandemic.  (Doc. No. 1 ¶¶ 16-19.)  In February 2021, after ongoing issues related to

Olympia's shipment of PPE to Natural Essentials, Natural Essentials notified Olympia that it had

failed to deliver the promised goods and must deliver the gloves within three calendar days.  (*Id.*

at ¶ 42.)  On March 18, 2021, counsel for Natural Essentials notified Olympia of its claims and

Natural Essentials cancelled the purchase order.  (Doc. No. 1 at Ex. L.)

On April 9, 2021, Olympia filed a summons with notice in the Supreme Court of the

State of New York, Putnam County.  (Doc. No. 13, PageID# 147-49.)  On April 19, 2021,

Natural Essentials filed the instant action against Olympia alleging substantially similar claims stemming from the same contractual dispute at issue in New York.  (Doc. No. 1.)  On May 12, 2021, Olympia notified this Court that an identical lawsuit was pending in New York state court and that Olympia needed an extension of time to identify counsel in Ohio to handle this proceeding.  (Doc. No. 5.)  On the same day, Natural Essentials removed the New York state court action to the Southern District of New York stating, in part, that venue was proper in the Southern District of New York. (Case No. 7:21-cv-04279; Doc No. 1, PageID# 151-53.)  On July 12, 2021, Olympia filed its Motion to Transfer Venue to the Southern District of New York. (Doc. No. 13.)

## II.    LEGAL ANALYSIS

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.,* 16 Fed.Appx. 433, 437 (6th Cir. 2001).  The rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *In re Burley,* 738 F.2d 981, 988 (9th Cir.1984)).  "Generally, courts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction." *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999).  In determining whether the first-to-file rule applies and a transfer warranted, courts consider the chronology of the actions, the similarity of the parties, and the similarity of the issues in the case. *Id*. at 903-904.  Chronology is determined by the dates upon which the parties filed the lawsuit. *Zide*, 16 Fed.Appx. at 437.  Nevertheless, courts may elect to use their discretion to dispense with the first-filed rule if presented with factors like extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, or

forum shopping.  *Id.*

Here, it is undisputed that (a) the parties are identical, (b) both actions arise from a contractual dispute surrounding one specific purchase order, and (3) the issues are substantially the same in both lawsuits.  Accordingly, the Court's application of the first-filed rule hinges on the chronology of events, namely whether the summons with notice in New York, indisputably filed first in time, was sufficient to commence a lawsuit for purposes of this rule.  The answer is yes.

A first-filed state court proceeding, even if it is later removed to federal court, is considered the initial action under the first-to-file rule. *See, e.g., Aluminum Banking Co. v. Callery/Conway/Mars HV, Inc.*, No. CIV. 06-12038, 2006 WL 2193007 at *3 (E.D. Mich. Aug. 2, 2006) (dismissing action where suit was brought in Pennsylvania state court prior to underlying action irrespective of the date of removal to Western District of Pennsylvania); *Feinstein v. Brown*, 304 F. Supp. 2d 279, 283 (D.R.I. 2004) ("The action filed by Plaintiffs in state court and subsequently removed to this Court is first-filed"); *Manufacturers Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 168 (S.D.N.Y. 1992).

Plaintiff Natural Essentials's primary challenge, however, is that Olympia's New York summons with notice is not a "pleading" because it lacked a formal complaint.  (Doc. 14, PageID# 161-162.)  This argument is not supported by New York law.  An "action is commenced by filing a summons and complaint or summons with notice."  N.Y. C.P.L.R. § 304(a) (MCKINNEY 2022).  Courts in New York have held that actions commenced by a summons with notice, without a complaint, still serve as the first-filed action. *Quatro Consulting Grp., LLC v. Buffalo Hotel Supply Co.*, 49 N.Y.S.3d 252, 255 (N.Y. Sup. 2017).

There is no dispute between the parties that the New York summons with notice were

filed on April 9, 2021, whereas the instant lawsuit was filed ten days later on April 19, 2021.

Accordingly, New York is considered the first-filed jurisdiction.

Even after finding the first-filed rule applicable, district courts may dispense with it if equity so requires. *Zide*, 16 Fed.Appx. at 437. And even though application of the rule is discretionary, the "rule's importance should not be disregarded lightly." *Smither-Oasis, Co. v. Clifford Sales & Marketing,* 194 F.Supp. 2d 685, 687 (N.D. Ohio 2002) (citation and quotation omitted). Accordingly, application of the rule is dispensed with when a court is presented with extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, or forum shopping. *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903. The Court finds there is no evidence of extraordinary circumstances, inequitable conduct, anticipatory suits, or forum shopping on the part of Olympia that warrant disregarding the first-to-file rule.

Because the first-to-file rule is applicable and there appear to be no reasons to dispense with its application in this matter, Defendant Olympia Sports Company, Inc's Motion to Transfer Venue to the United States District Court for the Southern District of New York is **GRANTED**. The Court directs the Clerk to transfer this matter to the Southern District of New York and consolidate with Case No. 7:21-cv-04279 for further proceedings. All remaining or alternative motions filed in the case are properly left for resolution by the New York court.

**IT IS SO ORDERED.**

Date: April 22, 2022

_____
BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE